[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 100.]

CINCINNATI BAR ASSOCIATION *v.* COHEN.

[Cite as *Cincinnati Bar Assn. v. Cohen*, 1999-Ohio-86.]

*Attorneys—Misconduct—Public reprimand—Threatening to present criminal charges solely to obtain an advantage in civil matter.*

(No. 98-2686—Submitted  April 20, 1999—Decided July 7, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-23.

_____

{¶ 1} In March 1997, Robert Backman engaged respondent, Jay S. Cohen of Cincinnati, Ohio, Attorney Registration No. 0067294, to represent him in a civil matter.  Because the two men had been friends since college, respondent, who was admitted to the bar in 1996, undertook the representation at less than his usual and customary fee.  After respondent's unsuccessful representation of Backman in arbitration, and shortly before trial date, Backman discharged respondent as his attorney.

{¶ 2} In November 1997, when Backman's checks to respondent for legal fees were returned for insufficient funds, respondent wrote to Backman demanding payment and reminding him that issuing a check on an account with insufficient funds violated state and federal law.  In December 1997, respondent again wrote to Backman stating, "I promise you if you do not make the payments in certified funds on December 12/6 and 12/23, I will file criminal charges with the State and the FBI. * * * Rest assured, you will learn the meaning of a living hell."  On December 23, 1997, respondent wrote to Backman a third time, stating, "You have written two insufficient fund checks to me totaling $250.00.  I have informed you before that unless you pay me the outstanding monies owed me, I would file criminal charges.

This letter is formal notice of my intent to do so, absent immediate payment of the monies owed me."

{¶ 3} After being informed by relator that Backman had filed a grievance against him, respondent wrote to Backman acknowledging respondent's improper conduct and asserting that he never intended to file criminal charges, which he acknowledged would be wrong.

{¶ 4} In April 1998, relator, Cincinnati Bar Association, filed a complaint against respondent alleging that his conduct violated DR 7-105 (a lawyer shall not threaten to present criminal charges solely to obtain an advantage in a civil matter). Respondent answered, and the matter was considered by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on stipulations of the parties.

{¶ 5} The panel concluded that respondent's conduct violated the Disciplinary Rule as charged. The panel also noted that this was an isolated incident of bad judgment and that respondent had apologized to Backman. The panel recommended that respondent be publicly reprimanded. The board adopted the findings, conclusion, and recommendation of the panel.

———————————

*Beth Silverman* and *Robert F. Laufman,* for relator.
*Julius F. Sanks,* for respondent.

———————————

**Per Curiam.**

{¶ 6} Because respondent's letters to his client state that the threat of criminal charges would be withdrawn if his fees were paid, we find, as did the board, that those threats were solely for the purpose of obtaining an advantage in a civil action and so violated the Disciplinary Rule. We therefore adopt the findings, conclusion, and recommendation of the board. Respondent is hereby publicly reprimanded. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————